THE PEOPLE OF THE STATE OF NEW YORK ex rel.
ROBERT WALLACE, Respondent, v. THOMAS S. RYAN,
Town Clerk of the Town of Westchester, Appellant.

*Elections — ballot reform law — objections made to a nomination — how decided —
duty as to printing ballots — 1890, chap. 262, sec. 13.*

The Ballot Reform Law, section 13, chapter 262, Laws of 1890, provides that the
officer with whom the original certificate of a nomination is filed shall, in the
first instance, pass upon the validity of an objection to such nomination, and
his decision shall be final unless an order shall be made in the matter by a court
of competent jurisdiction or by a justice of the Supreme Court at Chambers.

*Held*, that, upon the making of such an order by such a court or justice, the said
officer with whom the nomination is filed is excused from passing upon such
objections, and cannot delay action in the printing of a ticket, upon the pretense
that he needs time to consider them.

Where a ticket has been duly nominated and filed with the proper officer it is
his duty to print it, irrespective of the question whether the nomination is that
of a regular or that of an irregular body or party.

Appeal by the defendant, Thomas S. Ryan, as town clerk of the
town of Westchester, from an order entered in the clerk's office of
Westchester county, directing that a *mandamus* issue commanding
him as such clerk to print the ballots of the so-called Republican
party in said town of Westchester.

*H. C. Henderson*, for the appellant.

*David H. Hunt*, for the relator.

Barnard, P. J. :

The papers showed that a convention was held in the town of
Westchester on the 20th of March, 1891. There was a call for a
primary meeting of Republicans of the town publicly posted on the
7th of March, 1891. A ticket was nominated, duly certified and
filed with the town clerk.

Objections were filed to the ticket, and the relator testifies that
the town clerk was about to refuse to print the ticket. The town
clerk admits the filing of the ticket and that objections were made
to it, but that he will not refuse to print the ticket "if he decides
said objections are not well founded; that he is ready and willing to
decide the matter after reasonable opportunity to the parties inter-

ested to be heard has been given. That immediately upon the receipt of the said objections, he sent by mail notices of the filing of such objections to all persons whose names appear on said certificate as candidates." The only objection to the ticket is that it was made by an irregular body and was not a nomination of the regular Republican party. The peremptory writ was properly granted. By section 13 of chapter 262 of the Laws of 1890, the clerk is excused from passing upon the objections if an order shall be made by a court of competent jurisdiction on or before Wednesday preceding the election. The object of the law was not that the town clerk should make the order upon the objection before the court could make an order. This would defeat the law in some instances. The clerk might delay his decision until it was too late to print the ticket. The objection taken was entirely frivolous. No matter what the body of voters may have called themselves, if a ticket was nominated and filed according to law the clerk should print the ticket for the popular vote.

The judgment should be affirmed, with costs.

Pratt, J., concurred; Dykman, J., not sitting.

Order granting writ of *mandamus* affirmed, with costs.